Hang & Associates, PLLC
Xiaoxi Liu
136-20 38th Avenue
Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: xliu@hanglaw.com
*Attorney for Plaintiff and proposed FLSA Collective*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MING LEI, Individually and on behalf of all other employees similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ABC CORP. d/b/a MOONLIGHT SPA, LU GAO AND "ELROND" JIN,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE ACTIONS COMPLAINT** |

Plaintiff, MING LEI, individually and on behalf of all other employees similarly situated, by and through their attorneys, HANG & ASSOCIATES, PLLC, as and for causes of action against the Defendants ABC Corp. trading as Moonlight Spa and Lu Gao and "Elrond" Jin alleges upon information and belief as follows:

## INTRODUCTION

1. This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 *et seq.*, and of the New Jersey State Wage and Hour Law, N.J.S.A. §34:11-56 *et*

*seq.* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) unpaid minimum wage, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to New Jersey State Wage and Hour Law ("NJWHL") that she is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid minimum wages, (3) liquidated damages equal to the sum of unpaid minimum and overtime, (4) prejudgment interest. (5) post-judgment interest, and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Laws claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

6. Plaintiff (hereinafter "Lei") is an individual who resides in Queens County, New York.

7. From in or around October 11, 2016 to on or around November 9, 2018, Plaintiff was employed as a masseur in Defendants' massage/spa business located at 722 Washington St., Hoboken, NJ 07030. Click or tap here to enter text.

## DEFENDANTS

*Corporate Defendant*

8. Defendant ABC Corp. d/b/a Moonlight Spa (hereinafter "Moonlight Spa") is a corporation incorporated under the laws of New Jersey and has its registered office at 722 Washington St., Hoboken, NJ 07030.

9. Upon information and belief, Corporate Defendant has about 8 employees.

10. Upon information and belief, Corporate Defendant at all relevant times is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

11. Upon information and belief, Corporate Defendant purchased and handled goods moved in interstate commerce. For instance, Corporate Defendant has employees who handled and worked on goods moved in commerce such as flour and food supplies.

12. At all times relevant times, Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

*Owner/ Operator Defendants*

13.     Upon information and belief, Defendant Lu Gao is the owner, chief executive officer, and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NJWHL §34:11-4.1 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

14.     Upon information and belief, Defendant Lu Gao determined the wages and compensation of the employees of Defendants, including Ming Lei, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

15.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

16.     Upon information and belief, Defendant "Elrond" Jin (first name unknown) is the owner, chief executive officer, and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NJWHL §34:11-4.1 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

17.     Upon information and belief, Defendant "Elrond" Jin (legal name unknown) determined the wages and compensation of the employees of Defendants, including Ming Lei, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

18.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or

conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than 8Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

20.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

21.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

22.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

23.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

24.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

25.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

26.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

27. Defendants knew that the nonpayment of minimum wage, overtime pay, failure to provide the required wage notice at the time of hiring, that the failure to provide the required wage statement with every payment of wages, would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

*Plaintiff Ming Lei*

28. From in or around October 11, 2016 to on or around November 9, 2018, Plaintiff Ming Lei was employed as a  in Defendants' shop located at 722 Washington St.,, Hoboken, NJ 07030.

29. Upon information and belief, Defendant Lu Gao, known as "Boss" to Plaintiff, is the owner/shareholder of ABC Corp. d/b/a Moonlight Spa and maintains active operational control over ABC Corp. d/b/a Moonlight Spa, including but not limited to hiring and firing employees, supervising and controlling the employees, setting their work schedule, determining their rates of compensation and methods of payment, handling payrolls, and maintaining employee records.

30. Upon information and belief, Defendant "Elrond" Jin, known as "Lady Boss" to Plaintiff, is the owner/shareholder of ABC Corp. d/b/a Moonlight Spa and maintains active operational control over ABC Corp. d/b/a Moonlight Spa, including but not limited to hiring and firing employees, supervising and controlling the employees, setting their work schedule, determining their rates of compensation and methods of payment, handling payrolls, and maintaining employee records.

31. Defendant Lu Gao and "Elrond" Jin controlled and determined the work schedule of Plaintiff Ming Lei.

32. Defendant Lu Gao and "Elrond" Jin determined the rates of compensation of Plaintiff Ming

Lei and methods of payment.

33. Defendant Lu Gao and "Elrond" Jin handled wage payments to Plaintiff Ming Lei and maintained her employment records.

34. Plaintiff Ming Lei was not provided a written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

35. From approximately October 2016 to in or around November 2018, Plaintiff Ming Lei worked six days per week with Wednesday off. On Monday, Tuesday, and Thursday, she worked from 10:15 am to around 9:45 pm each day without a break. On Friday, Saturday and Sunday, she worked from 10: 15 am to around 10: 00 pm without a break. Within the so-called "lunchbreak", Plaintiff was never allowed to get out of the store and could only stay in site and wait on call. Plaintiff Ming Lei therefore worked around seventy (70) hours per week.

36. Ever since Plaintiff Lei's employment with Defendants in October 11, 2016 to in or around November 2018, Plaintiff was paid at a fixed rate of $80 per day regardless the number of hours she actually worked each week.

37. Throughout her employment with Defendants, Plaintiff Lei was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

38. Throughout her employment with Defendants, Plaintiff Lei was not overtime-exempt under federal and state laws.

39. Upon imforamtion and knowledge, Defendants failed to keep full and accurate records of Plaintiff Lei's hours and wages.

40. Defendants did not provide Plaintiff Lei with a correct wage statement with every wage payment.

## STATEMENT OF CLAIMS

### COUNT I
### [Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of Plaintiff and the FLSA Collective]

41. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

42. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

43. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

44. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

45. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

46. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the collective action members, for some or all of the hours they worked.

47. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

48. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff Lei and Collective Action members.

## COUNT II

**[Violation of New Jersey Wage and Hour Law—Claim for Minimum Wages]**

49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New Jersey Statutes Annotated 34:11-56a1(h).

51. At all times relevant to this action, Defendants were employers within the meaning of New Jersey Statutes Annotated 34:11-56a1(g).

52. Defendants willfully failed to record, credit, or compensate Plaintiff the applicable minimum hourly wage, in violation of the New Jersey Minimum Wage Standards, specifically New Jersey Statutes Annotated 34:11-56 and applicable regulations.

53. Due to Defendants' violations of the New Jersey Wage and Hour Law, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages as well as reasonable attorney's fees and costs of the action, pursuant to the New Jersey Wage and Hour Law, specifically New Jersey Statutes Annotated 34:11-56a25, all in an amount to be determined at trial.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

54. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

56. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

57. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

58. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

59. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

60. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff and FLSA Collectives'

labor.

61. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV
### [Violation of New Jersey Wage and Hour Law—Overtime Wage Brought on behalf of Plaintiff]

62. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate the Plaintiff.

64. Defendants' failure to pay Plaintiff was not in good faith.

65. By failing to pay Plaintiff and the class, the Plaintiff is entitled to recover from Defendants her full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq*

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself, and the FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through

    the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)     Certification of this case as a collective action pursuant to FLSA;

c)     Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the Collective Action Members;

d)     A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e)     An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)     Award Plaintiff unpaid wages and unpaid overtime due under the FLSA and the NJWHL plus compensatory and liquidated damages;

g)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

h)     The cost and disbursements of this action;

i)     An award of prejudgment and post-judgment fees; and

j) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully Submitted,

Dated: March 20, 2019
Flushing, New York

HANG & ASSOCIATES, PLLC
*Attorney for Plaintiff*
*/s/ Xiaoxi Liu*
Xiaoxi Liu, Esq.

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Moonlight Spa and "Elrond Jin", "Lu Gao", and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid overtime wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Ming Lei_
Full Legal Name (Print)

_Ming Lei_
Signature

_01/30/19_
Date