NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MING LEI,** individually and on behalf of all other employees similarly situated,<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**GENESIS SPA, INC.** d/b/a Moonlight Spa, et al.,<br><br>　　　　**Defendants.** | Civil Action No.: 19-8787 (CLW)<br><br>**ORDER** |

### **CATHY L. WALDOR, U.S.M.J.**

　　This matter comes before the Court by way of the parties' joint application for approval of their Settlement Agreement. (ECF No. 72). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves this application without oral argument. Upon careful consideration of the parties' joint submission, as well as the balance of the record for this matter, and for good cause shown; and

　　**WHEREAS** Plaintiff Ming Lei, a former employee of Defendants' massage/spa business, (Am. Compl. ¶ 9, ECF No. 19), filed this action on behalf of herself and a putative class of similarly situated persons, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the New Jersey Wage and Hour Law, N.J.S.A. § 34:14-56a, *et seq.*, and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12, *et seq.*, (*id.* ¶¶ 61-96); and

　　**WHEREAS**, the record reflects that Plaintiff never moved to certify a class, that no additional claimants ever sought to join this lawsuit, and that Plaintiff "is no longer seeking to assert claims on behalf of any putative collective action class." (Joint Br. at 2, ECF No. 72-1).

Thus, the only claims before this Court are those of Plaintiff Lei; and

**WHEREAS** the parties have reached an agreement to resolve those claims. Pursuant to the parties' Settlement Agreement and Release ("Settlement Agreement"), Defendants are required to make a series of payments totaling $50,000.00, broken down as follows: (1) a total of $32,736.42 paid to Plaintiff Lei; and (2) a total of $17,263.58 paid to Plaintiff's counsel. (Settlement Agreement at 2-3, ECF No. 72-3). In exchange for those payments, Plaintiff has agreed to release her claims against Defendants. (*Id.* at 3-5). On October 21, 2022, the parties filed a joint motion requesting that the Court approve their settlement. (*Generally* ECF No. 72); and

**WHEREAS**, "when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Although it does not appear that the United States Court of Appeals for the Third Circuit has addressed whether such approval is required, "'district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary'" for settlements in FLSA cases involving claims for unpaid wages. *Rabbenou v. Dayan Foods, Ltd.*, No. 17-1330 (ES), 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017) (quoting *Bettger v. Crossmark, Inc.*, No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015)). This includes claims settled on an individual basis rather than as a collective or class action. *See Rabbenou*, 22017 WL 3315263, at *1; *Morales v. PepsiCo, Inc.*, No. 11-6275 (AET), 2012 WL 870752, at *1 (D.N.J. Mar. 12, 2012). Within the District of New Jersey, courts presiding over FLSA claims "'should approve a settlement agreement if it is fair and resolves a bona fide dispute.'" *Quiahua v. Bambrick*, No. 16-8446 (JLL), 2018 U.S. Dist. LEXIS 242495, at *4 (D.N.J. Feb. 16, 2018)

(quoting *Castaldo v. McLoone's Asbury Park, LLC*, No. 14-5741 (WJM), 2015 U.S. Dist. LEXIS 67644, at *2-3 (D.N.J. May 26, 2015)); *accord Rabbenou*, 2017 WL 3315263, at *1; *PepsiCo*, 2012 WL 870752, at *1.  Moreover, "[w]hen analyzing a settlement agreement, a court must be mindful of the strong public policy in favor of settlements."  *Castaldo*, 2015 U.S. Dist. LEXIS 67644, at *3 (citing *Farris v. JC Penny Co.*, 176 F.3d 706, 711 (3d Cir. 1999)); and

**WHEREAS** the Court finds that the parties' settlement resolves bona fide disputes of fact.  Among other issues, the parties disagree regarding:  (1) whether Defendants failed to properly compensate Plaintiff for her overtime work; and (2) if so, the extent of such delinquent payments.  (Joint Br. at 2, ECF No. 72-1).  By reaching a settlement, the parties have avoided the costs and uncertainties of litigating those issues; and

**WHEREAS** the Court further concludes that the Settlement Agreement is fair and reasonable and reflects good faith negotiations between the parties, all of whom are represented by counsel.  When making such a determination, "courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA."  *Gabrielyan v. S.O. Rose Apartments LLC*, No. 15-cv-1771 (CCC), 2015 U.S. Dist. LEXIS 135615, at *3-4 (D.N.J. Oct. 5, 2015) (collecting cases).  As to the former consideration, the Court notes that Plaintiff initially demanded $90,414.80, "exclusive of attorney's fees.  The demand was wholly based on Plaintiff's calculation of the maximum possible recovery if [she was] able to establish each and every claim including the liquidated damages (an amount which was disputed by Defendants)."  (Joint Br. at 3, ECF No. 72-1).  The amount the parties ultimately agreed upon to resolve Plaintiff's claims – $32,736.42 – reflects the risk inherent in litigation for both sides.  That resolution is a fair and reasonable outcome for all involved.  As to the latter prong, the Court finds that nothing in the record suggests

3

that the parties' settlement might frustrate the purposes or implementation of the FLSA; and

**WHEREAS**, as noted above, the parties' agreement also provides that a portion of the total settlement fund is allocated for Plaintiff's counsel's fees and expenses. Specifically, of the $50,000.00 total settlement amount, $17,263.58 (approximately 34.5% of the total) is earmarked for that purpose. (Joint Br. at 2, ECF No. 72-1). When evaluating the property of fee awards, Courts in this Circuit typically use either the "loadstar" method (calculating a fee by multiplying a reasonable hourly rate by a reasonable number of hours worked) or the "percentage-of-recovery" method. *E.g.*, *Krell v. Prudential Ins. Co. of Am. (in Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions),* 148 F.3d 283, 333 (3d Cir. 1998) (citations omitted). Plaintiff's counsel's proposed fee award in this case appears to be based on the latter. As one Court in this District recently recognized when considering the propriety of a "percentage-of-recovery" fee allocation when approving a settlement of FLSA claims, "the courts of this Circuit routinely approve attorneys' fees of around 30 percent of settlement funds in FLSA cases." *Morales v. Unique Beginning Caterers Ltd. Liab. Co.*, No. 1:20-cv-10026 (CPO), 2021 U.S. Dist. LEXIS 236744, at *8 (D.N.J. Dec. 10, 2021) (collecting cases and ultimately finding counsel's request for fees equaling 33.3% of the total settlement amount to be "reasonable."). This Court likewise finds Plaintiff's counsel's unopposed request for an award of fees and costs totaling approximately 34.5% of the total settlement amount to be reasonable. Plaintiff's counsel's timesheets, which reflect that counsel performed $46,855.00 worth of legal work on this matter, (ECF No. 72-4), support that determination; and

**WHEREAS**, based on the foregoing reasons, the Court will approve the parties' Settlement Agreement in this matter;

**IT IS** on this 12th day of December 2022,

**ORDERED** that the parties' joint application to approve their Settlement Agreement, (ECF No. 72), is **GRANTED**; and it is further

**ORDERED** that the Court hereby approves the terms of the parties' Settlement Agreement, (ECF No. 72-3), as a fair and reasonable resolution of the parties' bona fide dispute; and it is further

**ORDERED** that, without affecting the finality of this Order, the Court will retain jurisdiction to enforce the terms of the Settlement Agreement and preside over any issues flowing from distribution of the settlement proceeds; and it is further

**ORDERED** that this case is hereby **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court is hereby directed to close this case.

<u>s/ Cathy L. Waldor</u>
**Hon. Cathy L. Waldor, U.S.M.J.**
